UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BOAZ PLEASANT BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:15-CV-174-TWP-MCLC |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTION, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 29, 2019, the Court entered a Scheduling Order to govern the remainder of this litigation after it was remanded in part from the United States Court of Appeals for the Sixth Circuit [Doc. 107]. That Order imposed the following deadlines upon the parties: (1) completion of discovery by August 27, 2019; (2) filing of dispositive motions by September 24, 2019; (3) submission of pretrial narratives in December 2019; and (4) trial by jury on January 7, 2020 [*Id.*]. On August 26, 2019, upon the motion of Defendant, the Court granted brief extensions of both the discovery deadline – until September 24, 2019 – and the dispositive motions deadline – until October 24, 2019 – but it noted that all other deadlines and terms set forth in the Court's Scheduling Order would remain in effect [Doc. 126].

Plaintiff has since filed two additional motions to compel discovery [Docs. 132, 136]. Dated September 30, 2019, and October 12, 2019, respectively, Plaintiff requests "the yearly id ul fitr memorandum for 2014 that outlines the TDOC policy for the feast that year," "itemized costs of 2014-2015 Halal and Kosher menus," and "interrogatory answers to questions asked by Plaintiff concerning the Halal menu and Kosher menu to Defendants" [*Id.*]. Defendants have opposed the

1

requests noting that they "have complied substantively and substantially, in good faith" in providing documentary discovery, and specifically noting that the Motions should be denied because: (1) Plaintiff's discovery motions are untimely under the Court's August 26, 2019 Order; (2) the 2014 memorandum requested by Plaintiff does not exist and is therefore not available for discovery; and (3) Plaintiff's requests for written discovery are duplicative [Docs. 134-35, 135-1, 140]. In his reply, Plaintiff argues that the Motion is not untimely because it was "not a discovery Motion," but rather, an "Order requested for Defendants failure to comply with discovery rule of Court." [Doc. 138].

Plaintiff's reply reflects a fundamental misapprehension of the discovery process, and indeed, a misreading of the clear terms of the terms of the Court's scheduling order. The Court's scheduling order stated that "all discovery methods listed in Federal Rule of Civil Procedure 26(a) – ***including all motions related to discovery***" must be completed by the discovery deadline [Doc. 107 (emphasis added)]. The extended discovery deadline in this case expired on September 24, 2019, and under the terms of the Court's scheduling order, "all motions related to discovery" must have been filed by that date. The Court finds no good faith argument that a Motion for a Court order compelling discovery and/or declaring that a party failed to comply with discovery is not a "motion related to discovery." The Court agrees that Plaintiff's discovery Motions are untimely, and finds that he has failed to show good cause for his untimely effort at seeking the assistance of the Court and/or additional extensions of the discovery deadline. As such, Plaintiff's Motions to Compel Discovery will be **DENIED** [Docs. 132, 136].

Additionally, both parties have filed motions requesting an extension of the dispositive motions deadline [Docs. 132, 140].[1] Plaintiff contends that, due to security lockdowns at his location of incarceration, he has been unable to access the resources of the prison's law library and thus has been delayed in preparing his motion. Defendants further note that the transcript of Plaintiff's deposition was not made available to counsel until October 21, 2019, at which time counsel promptly mailed a copy to the Plaintiff at his location of incarceration. Nonetheless, the parties have now filed cross motions for summary judgment, rendering their requests for extensions moot.[2] As such, both Motions for extensions [Docs. 132, 140] are hereby **DENIED**.

However, given the unavoidable delays experienced by both parties, the Court finds good cause to extend the deadlines for response and reply briefs. Response briefs and supporting evidence **SHALL** be filed **no later than January 10, 2020**. Reply briefs, if any, will be limited to ten pages in length and must be filed **by January 24, 2020**. In light of the fact that discovery is now closed and that numerous delays have already occurred, any further request for extensions of deadlines for briefing or response in this action will summarily denied absent a showing of the most extraordinary of circumstances.

---

[1] Curiously, Defendants vehemently opposed Plaintiff's request for an extension of the dispositive motions deadline on October 9, 2019, but approximately two weeks later, they filed their own request for an extension [Docs. 134, 140]. As such, the Court will disregard the portions of Defendants' October 9, 2019 filing [Doc. 134] in which they opposed Plaintiff's request for an extension of the dispositive motions deadline.

[2] The Court notes that Plaintiff's motion for summary judgment, which he signed as prepared and submitted on October 24, 2019, does not reference his deposition and no portions of the transcript thereof are attached as an exhibit to the Motion. The Court thus reasonably assumes that Plaintiff prepared this Motion without the benefit of his deposition transcript in order to comply with the Court's deadline for dispositive motions.

In light of the extended briefing deadlines, the Court hereby **VACATES** the remainder of its Scheduling Order, including the currently scheduled trial date. The Court will reset the trial date and any remaining pretrial deadlines, if necessary, by separate order at a later date. Accordingly, Plaintiff's Motion for Subpoenas [Doc. 143] is hereby **DENIED AS PREMATURE**.

In summary and for the reasons set forth herein, Plaintiff's Motions to Compel Discovery and the Motions for Extension of the Dispositive Motions deadline filed by both parties [Docs. 132, 136, 140] are **DENIED**. The Court hereby **VACATES** the remainder of its Scheduling Order, and thus **DENIES AS PREMATURE** Plaintiff's Motion for Subpoenas [Doc. 143].

**IT IS SO ORDERED.**

**E N T E R :**

          s/ Thomas W. Phillips
          SENIOR UNITED STATES DISTRICT JUDGE